# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES STAUFFER, JR., | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case No. 07-CV-206-TCK-TLW |
| BRUCE HOWARD, Warden, | ) ) ) |
| Respondent. | ) ) |

## OPINION AND ORDER

Before the Court is Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 2). Petitioner, a state inmate represented by counsel, challenges his convictions entered in Rogers County District Court, Case No. CF-2004-516. Respondent filed a response (Dkt. # 9) to the petition. Petitioner did not file a reply. For the reasons discussed below, the Court finds the petition should be denied.

### *BACKGROUND*

Petitioner Charles Stauffer, Jr., was charged with two counts of Lewd Molestation in Rogers County District Court, Case No. CF-2004-516. The victim was Petitioner's 13-year old daughter. Represented by attorney Mark D. Matheson, Petitioner proceeded to a jury trial. On October 28, 2005, on the third day of the jury trial, after testimony by the victim, her brother, and Petitioner's ex-wife, Petitioner entered pleas of guilty to both counts. The guilty pleas were entered pursuant to a plea agreement negotiated by attorney Matheson. On December 15, 2005, the trial judge sentenced Petitioner to twenty (20) years imprisonment on each count, with all but the first ten (10) years suspended, to be served concurrently.

On December 22, 2005, Petitioner filed a motion to withdraw his guilty pleas. On February 15, 2006, the trial court judge conducted a hearing on the motion to withdraw pleas. At the hearing, Petitioner was represented by attorneys J. David Ogle and Josh T. Welch. The trial judge heard testimony from Mr. Matheson, Petitioner, and Petitioner's parents. At the conclusion of the hearing, the motion to withdraw pleas of guilty was denied. Petitioner perfected a *certiorari* appeal at the Oklahoma Court of Criminal Appeals ("OCCA"). Represented by attorneys Ogle and Welch, Petitioner raised one (1) claim, as follows:

> Stauffer's guilty pleas were not entered knowingly and voluntarily because he received ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the Untied States Constitution and Article II, Sections 7 and 20 of the Oklahoma Constitution.

See Dkt. # 9, Ex. 1. On September 19, 2006, in Case No. C-2006-223, see id., the OCCA entered its unpublished summary opinion denying the petition for writ of *certiorari*.

On April 12, 2007, Petitioner, represented by attorney Ogle, filed his federal petition for writ of habeas corpus (Dkt. # 2). He asserts the same claim raised in his *certiorari* appeal. In response to the petition (Dkt. # 9), Respondent asserts that Petitioner is not entitled to relief under 28 U.S.C. § 2254(d).

## *ANALYSIS*

**A.   Exhaustion/Evidentiary Hearing**

Respondent states that Petitioner has satisfied the exhaustion requirement of 28 U.S.C. §2254(b) for federal habeas corpus review. The Court agrees. In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000).

**B.  Claim adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") amended the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions.  Under the AEDPA, a petitioner may obtain federal habeas relief on a claim adjudicated by a state court only if the state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001).  When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner.  See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002).  Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

As indicated above, Petitioner presented his habeas claim to the OCCA in his *certiorari* appeal.  The OCCA denied the petition for writ of *certiorari*, finding as follows:

> In Proposition I, Stauffer cannot establish that his guilty pleas were unknowing and involuntary because he was denied the effective assistance of counsel.  Further, Stauffer cannot establish prejudice from counsel's alleged error in the preparation and investigation of the case.  He cannot establish either deficient performance or prejudice from the claim that he was not advised that he would have to serve 85% of his sentence before being eligible for parole.

See Dkt. # 9, Ex. 1 (footnotes omitted).

In support of his claim of ineffective assistance of counsel, Petitioner provides a statement of facts. He claims that:

> Mr. Stauffer was denied the effective assistance of counsel, thus rendering his pleas unknowing and involuntary. The record reflects that trial counsel had little experience in child sexual abuse cases, failed to take even the elementary step of obtaining the records from the DHS investigation, went to trial totally unprepared to defend the case, and panicked when the State's witnesses presented testimony that he was completely unprepared to rebut. As a result, Mr. Stauffer was placed in a tenuous legal position, created by his own lawyer, in which a guilty plea was the only logical course of action. He would not have been in such a position with competent counsel.

(Dkt. # 2 at 6). In his supporting brief (Dkt. # 3), Petitioner provides a more detailed factual accounting of his claim that his attorney failed to prepare the case prior to trial and also alleges that his attorney failed to advise him of the 85% Rule[1] when he entered his pleas of guilty.

A defendant generally waives all objections of a constitutional nature when he knowingly and voluntarily enters a guilty plea, because "a guilty plea represents a break in the chain of events which has preceded it in the criminal process," and "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973); United States v. Salazar, 323 F.3d 852, 856 (10th Cir. 2003) ("it is well established that a voluntary and unconditional guilty plea waives all non-jurisdictional defenses"). "It is beyond dispute that a guilty

---

[1]Effective July 1, 1999, a person committing one of an enumerated list of felonies, see Okla. Stat. tit. 21, § 13.1, on or after March 1, 2000, and convicted of the offense "shall serve not less than eighty-five percent (85%) of the sentence of imprisonment imposed within the Department of Corrections. Such person shall not be eligible for parole consideration prior to serving eighty-five percent (85%) of the sentence imposed and such person shall not be eligible for earned credits or any other type of credits which have the effect of reducing the length of the sentence to less than eighty-five percent (85%) of the sentence imposed." Okla. Stat. tit. 21, § 12.1.

plea must be both knowing and voluntary. 'The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" Parke v. Raley, 506 U.S. 20, 28-29 (1992) (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)) (other citations omitted). In considering a habeas petition, or after the judgment of conviction upon a guilty plea has become final, "the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." United States v. Broce, 488 U.S. 563, 569 (1989). Accordingly, only those ineffective assistance claims that would render a petitioner's plea involuntary would remain after a guilty plea.

To prevail on an ineffective assistance of counsel claim, a petitioner must show both that counsel's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Under the first prong of the test, "counsel's representation [must] f[a]ll below an objective standard of reasonableness." Id. at 688. Under the second prong, there "must ... [be] a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. "[T]he two-part Strickland . . . test applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58 (1985). "[T]o satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59. The Tenth Circuit has determined that "[w]hen assessing 'prejudice,' a court may consider the likelihood that the correction of an alleged error 'would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the [error] likely would

have changed the outcome of a trial.'" Fields v. Gibson, 277 F.3d 1203, 1215 (10th Cir. 2002) (quoting Hill, 474 U.S. at 59).

### 1. Counsel's failure to prepare for trial resulted in involuntary guilty pleas

In the instant case, the only ineffective assistance of counsel claim presented by Petitioner that could relate to the voluntariness of his guilty plea is his claim that trial counsel failed to prepare for trial thereby leaving him with no choice but to enter his guilty pleas. Because it is easier to decide the ineffectiveness claim on the prejudice component only, the Court need not address whether counsel's performance was deficient. Strickland, 466 U.S. at 697 ("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."). Regardless of whether Mr. Matheson's performance was deficient, Petitioner has failed to show that prejudice resulted from Mr. Matheson's performance.

Petitioner argues that if counsel had interviewed witnesses and investigated Department of Human Services ("DHS") records, there is a reasonable probability that he would have gone to trial instead of accepting the plea offer. He maintains that two other siblings present in the home would have testified that they never saw any sexual abuse of their brother and sister. Petitioner also complains that his attorney never reviewed records from investigations conducted by DHS and did not review a videotaped interview of his daughter. In the motion to withdraw guilty plea, filed in the state district court on December 22, 2005, see Dkt. # 11, O.R. at 53, Petitioner states his belief that "DHS failed to confirm any allegations of sexual abuse in the previous [2002] investigation."

Petitioner's claim based on counsel's failure to obtain the DHS records is entirely speculative.[2] As to counsel's failure to review the videotaped interview of the victim, he fails to identify any information contained in the videotaped interview of his daughter that may have helped his defense.

"[T]he strength of the government's case against [Mr. Stauffer] should be considered in evaluating whether [he] really would have gone to trial if he had received adequate advise from his counsel." Miller v. Champion, 262 F.3d 1066, 1069 (10th Cir. 2001). As discussed above, Petitioner had proceeded to jury trial on the charges of Lewd Molestation involving his daughter. After his daughter, his stepson, and his ex-wife testified, Petitioner entered into the plea agreement offered by the State. As emphasized by the state trial judge in denying Petitioner's motion to withdraw guilty pleas, the State's case against Mr. Stauffer was strong. The trial court judge stated as follows:

> Mr. Stauffer was very involved in the trial process. He conferred with his lawyer. He took notes. He conferred on breaks and otherwise participated very actively in the process.
> To make this Court believe that he would come in here and feel duress or be ignorant of the consequences of entering a Plea of Guilty, to tell me now that he lied when he did that is not believable. It would be a manifest in justice [sic] to unnecessarily require these three people, the daughter of the Defendant, the Defendant's ex-wife, and the Defendant's stepson to testify again. This is what appeared to be a very traumatic event of all three of these witnesses. It was also apparently very affective of the jury.
> The Court's observation of the jury's mannerisms and their countless [sic] as they listened to this, their appearance of people being moved to tears at times, some of the jurors were moved to tears during some of the testimony. Mr. Stauffer saw that, as well as Mr. Matheson, and as well as this Court.
> The case had gone very well for the State of Oklahoma and very poorly for Mr. Stauffer.
> \* \* \* \*

---

[2]Counsel for Petitioner admits that he "did not seek the DHS records prior to the evidentiary hearing held on February 15, 2006, because the sole issue before the court was whether Petitioner's plea of guilty was voluntary." See Dkt. # 3 at 15 n.1. Counsel further concedes that "[t]he content of said records would not effect [sic] the voluntariness of Petitioner's plea." Id.

> Mr. Matheson attempted to rescue his client from the possibility of a forty year sentence --
>
> * * * *
>
> There is no compelling reason, factually or legally to allow Mr. Stauffer to withdraw his plea and have another bite at the apple, another jury trial.
>
> He had his trial. He had good competent representation up to the point he entered his plea. The trial was not going his way and this was a way that his attorney worked out for his client to avoid what would be, in this Court's observation, a quite strong possibility of a maximum sentence. His attorney was attempting to make the best of a bad situation and should not be penalized for that.
>
> I do believe that the decision that Mr. Stauffer made was made with free choice and the he was not compelled to do so.
>
> Not only is it possible, but it is even perhaps likely that he would have been convicted and served many more years than ten years. Given the serious nature and the circumstances surrounding his crime, I was not favorable to a ten year sentence, but decided it was a reasonable resolution after conference with the State of Oklahoma and Mr. Matheson, in this matter prior to taking the bench, and allow them this.
>
> We allowed the morning for them to confer. I was somewhat surprised at the entry of a plea of guilty. It is my recollection, I do not know if this would even be in the record, but it is my recollection that it was almost the entire morning that time was given for conferences and the jury was held in abeyance so we could continue with this jury trial, if not.
>
> If the jury would have convicted Mr. Stauffer and given him significantly more years that would have also been appropriate given the great believability of the State's witnesses and the strength of their case in general.
>
> I find that the standard of <u>Strickland vs. Washington</u>, as they have been applied in Oklahoma Law, the Court finds that the Defendant's counsel was effective and there were no constitutional defects in his constitutional performance of his duties.
>
> The Motion to Withdraw the Plea of Guilty for the Defendant, Charles Stauffer, Jr., for any ineffective assistance of counsel or any other related reason cited here today; which is failure to do discovery or investigative [sic] is denied.

(Dkt. # 11, Trans. Evid. Hr'g dated Feb. 15, 2006, at 186-89). At that same hearing, Petitioner acknowledged that Mr. Matheson and his own mother recognized the strength of the case against him, resulting in the recommendation to accept the plea offer made by the State. <u>See id.</u> at 108. Nothing presented by Petitioner suggests any reason for his stepson and daughter to fabricate accusations against him.

8

Additionally, the plea provided a benefit to Petitioner. In exchange for his guilty plea, the State agreed not to bring additional felony charges against him with respect to the allegations of sexual abuse made by his stepson. Also, Petitioner's sentence exposure was significantly less with the plea. The record of the plea colloquy makes clear that the trial court fully informed Petitioner of the possible sentence. See Dkt. # 11, Trans. Plea Agr. Hr'g at 7. Furthermore, he could have asked to withdraw his guilty plea during the forty-eight days between entry of the plea and sentencing. Instead, he waited until after sentencing before doing so.

The record contains further evidence refuting Petitioner's claim that his decision to plead guilty was involuntary. At the time Petitioner's guilty plea was accepted by the trial court, Petitioner signed, under oath, a document entitled "Plea of Guilty Summary of Facts" reflecting the counseled and voluntary entry of guilty pleas (Dkt.# 11, attachment to Trans. Evid. Hr'g dated Feb. 15, 2006).[3] That document refutes Petitioner's claim that his guilty pleas were involuntarily entered. In completing the document, Petitioner responded "Yes" when asked, "Do you understand the nature and consequences of this proceeding?" See id., ¶ 8. Petitioner swore under oath that the statements were true and correct. See id., ¶ 28. Furthermore, in providing the factual basis for his plea of guilty, Petitioner stated "[i]n Rogers County, on dates in question, I touched the private parts of a child under the age of 16." Id., ¶ 24. Based on Petitioner's averments, the state court made factual determinations that Petitioner understood the nature, purpose and consequences of the proceeding, that the pleas of guilty were knowingly and voluntarily entered, and that a factual basis for the pleas existed. Id., ¶ 32(b), (c), and (e).

---

[3] Reliance upon a form reflecting questions and answers is sufficient to establish whether the entry of a plea of guilty is knowing and voluntary. Hoffman v. Young, 23 Fed. Appx. 885, 887 (10th Cir. Oct.12, 2001) (unpublished).

9

As discussed above, the trial court judge's determination that Petitioner's guilty pleas were knowingly and voluntarily entered was affirmed by the OCCA and is a finding of fact. Petitioner has not carried his burden of overcoming the presumption of correctness afforded those findings of fact by clear and convincing evidence.  28 U.S.C. § 2254(e)(1). In this habeas corpus action, Petitioner presents the same arguments considered and rejected by the trial court judge and the OCCA.  He has failed to convince this Court that the OCCA's rejection of his claim that his guilty pleas were unknowing and involuntary based on ineffective assistance of counsel was contrary to Supreme Court precedent cited above.  Under the totality of the factual circumstances surrounding the plea, there is not a reasonable probability that but for Mr. Matheson's alleged failures, Petitioner would have decided not to plead guilty and instead would have proceeded with trial. See Hill, 474 U.S. at 59; Miller, 262 F.3d at 1072. Petitioner's later regret at pleading guilty is not sufficient for constitutional error. Accordingly, the Court concludes that the OCCA's determination that Petitioner was not prejudiced by Mr. Matheson's alleged failure to prepare for trial was not an unreasonable application of Hill. See 28 U.S.C. § 2254(d)(1).

**2. Counsel's failure to advise of the 85% Rule resulted in involuntary guilty pleas**

In his supporting brief, see Dkt. # 3, Petitioner also asserts that his guilty pleas were unknowing and involuntary because his attorney failed to advise him of the 85% Rule.  Petitioner's allegation is directly refuted by his own testimony at the evidentiary hearing held on his motion to withdraw guilty pleas.  In explaining that he felt like he "had no choice" but to plead guilty, Petitioner testified that the choices given by his attorney were to "go back and try again with the additional possibility of more charges or continue on and get a hung jury and get more charges, or take the eight and walk away with just -- or the ten and walk away with just eight and a half.

Otherwise it would have been forty or more." See Dkt. # 11, Trans. Evid. Hr'g dated Feb. 16, 2006, at 101. That statement reflects that Petitioner understood if he were sentenced to ten years, he would be required to serve eight and a half years before being eligible for parole consideration.

Of greater significance, however, Petitioner is not entitled to habeas corpus relief on this claim because the Sixth Amendment does not encompass those aspects of a prosecution which are collateral. Varela v. Kaiser, 976 F.2d 1357, 1358 (10th Cir. 1992) ("Actual knowledge of the consequences that are collateral to the guilty plea is not a prerequisite to the entry of a knowing and intelligent plea."). Restrictions on parole eligibility involve "collateral" consequences of a guilty plea. See Holmes v. United States, 876 F.2d 1545, 1549 (11th Cir. 1989); see also Hill v. Lockhart, 731 F.2d 568, 570 (8th Cir. 1984) ("[t]he details of parole eligibility are considered collateral rather than direct consequences of a plea" (citations omitted)), *aff'd*, 474 U.S. 52 (1985). Thus, the failure to inform of consequences collateral to a plea, such as the applicability of Oklahoma's 85% requirement, does not render the plea involuntary and does not implicate the Sixth Amendment. See Hill, 474 U.S. at 55 (holding that a court's failure to inform defendant at plea hearing of his parole eligibility does not offend a federal constitutional right); see also Chrisman v. Mullins, 213 Fed.Appx. 683, 687 (10th Cir. 2007) (unpublished); Perkis v. Sirmons, 201 Fed.Appx. 648, 652 (10th Cir. 2006) (unpublished) (holding that state court's failure to inform petitioner that "he would be ineligible for parole prior to serving 85% of his sentence" was merely a failure to inform petitioner about a collateral consequence of the plea which was insufficient to invalidate a plea agreement).

In summary, Petitioner has failed to demonstrate that the OCCA's adjudication of his claim of ineffective assistance of counsel claim was an unreasonable application of federal law as

determined by the Supreme Court or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. As a result, Petitioner's request for habeas corpus relief based on claims of ineffective assistance of counsel shall be denied pursuant to 28 U.S.C. § 2254(d).

## *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the petition for writ of habeas corpus (Dkt. # 2) is **denied**.

DATED THIS 12th day of August, 2010.

TERENCE C. KERN
UNITED STATES DISTRICT JUDGE